IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1146-M |
| ) | |
| MUSTANG, INDEPENDENT ) | |
| SCHOOL DISTRICT NO. I-69, a/k/a ) | |
| MUSTANG PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Motion to Strike Affirmative Defenses with Authority, filed November 22, 2011. On December 13, 2011, defendant filed its response, and on December 20, 2011, plaintiff filed her reply. Pursuant to Federal Rule of Civil Procedure 12(f), plaintiff moves this Court to strike certain of defendant's affirmative defenses, specifically affirmative defenses nos. 3, 4, 6, 7, 8, 9, and 10, on the grounds that they are inadequately pled.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003).

In her motion, plaintiff asserts that affirmative defenses are subject to the pleading standards set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009). Defendant, on the other hand, asserts that *Twombly* and *Iqbal* do not apply to pleading affirmative defenses.

> [C]ourts are in disagreement as to whether the pleading standard articulated in Bell Atlantic Corporation v. Twombly and Iqbal v. Ashcroft extends to the pleading of affirmative defenses. Some courts have held that the pleading requirements for claims and affirmative defenses are the same because Rule 8(a)(2) and Rule 8(b) both require "short and plain" statements to support the complaint and answer, respectively. These courts have found that the purpose of pleading in both cases is to provide notice to the other party; therefore, both plaintiffs and defendants must allege sufficient facts to inform the other party of the basis for the claim. In addition, because boilerplate defenses clutter dockets and expand discovery, the extension of the plausibility standard to affirmative defenses would serve the same goals – particularly encouraging efficiency and limiting costs – as its intended application to the pleading of a complaint. Given that the defendant may amend the answer to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the district court, imposition of the plausibility standard is not overly burdensome. The defendant may state a plausible defense after facts become available.
> But, other courts have held that Rule 8(c) does not warrant the extension of the Twombly and Iqbal standard to affirmative defenses. Whereas Rule 8(a)(2) requires a "showing that the pleader is entitled to relief," Rule 8(c)(1) merely requires a defendant to "affirmatively state any avoidance or affirmative defense." These courts have held there is no requirement in Rule 8(c) to "'show' any facts at all." Ironically, some courts have excused defendants from compliance with Twombly and Iqbal because of the need for discovery.

5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1274 (3d ed. Supp. 2011).

While the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). Specifically, this Court has held:

> An even-handed standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party can reasonably tailor discovery. Furthermore, the desire to avoid unnecessary discovery (and the time and expense associated therewith) required to ascertain that boilerplate affirmative defense assertions are just that, *i.e.*, lack any factual basis and are not viable; and the liberal standard for amendment of an answer to assert additional affirmative defenses when the factual bases for them becomes known.

*Id.* at *2 (internal quotations and citation omitted). Therefore, the Court finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

In her motion, plaintiff provides an analysis as to why she contends the affirmative defenses at issue fail to satisfy the *Twombly* and *Iqbal* pleading standards. Defendant, however, provides no response to this analysis in its response and, in fact, never contends that the affirmative defenses meet the pleading standards. Having carefully reviewed the affirmative defenses at issue, and noting defendant's lack of response, the Court finds that all of the affirmative defenses at issue fail to satisfy the *Twombly* and *Iqbal* pleading standards. All of the affirmative defenses at issue are merely boilerplate, conclusory statements.

Defendant further contends that plaintiff must show prejudice in order to succeed on her motion to strike. Assuming, without deciding, that plaintiff is required to show prejudice, the Court finds that plaintiff has shown sufficient prejudice in order to succeed on her motion to strike. Specifically, the Court finds that plaintiff has shown that she will be prejudiced from a lack of notice of the basis of the affirmative defenses and from increased burdens of discovery regarding these affirmative defenses.

Accordingly, the Court GRANTS plaintiff's Motion to Strike Affirmative Defenses [docket no. 13] and STRIKES defendant's affirmative defenses nos. 3, 4, 6, 7, 8, 9, and 10. However, the

Court finds that defendant should be granted leave to amend its Answer to provide sufficient facts to support the plausibility of these affirmative defenses. Defendant shall file any amended answer within fifteen (15) days of the date of this Order.

**IT IS SO ORDERED this 3rd day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE